HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES P CREAGAN JR, | CASE NO. C17-5138 RBL |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Nationstar's Motion for Summary Judgment [Dkt. # 22] and on Plaintiff Creagan's Cross Motion for Summary Judgment [Dkt. # 23].

The case involves a mortgage, a default, and a bankruptcy. In 2006, Creagan borrowed some $760,000 from Countywide Bank, secured by a deed of trust on his home. He made payments for less than three years before the economy and the value of the home fell dramatically. He stopped paying his mortgage and on July 17, 2009 the then-loan servicer issued a "**NOTICE OF INTENT TO ACCELERATE**" that warned him he was in default, and explained what would happen if he did not cure that default:

> If the default is not cured on or before August 16, 2009, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

[Dkt. # 31 at 27 (Ex. 5)].

Creagan did not make the required payments and his lender did not foreclose. Instead, the servicer(s) continued to work on some sort of resolution to Creagan's default and to avoid foreclosure. Those efforts were not successful.

In December 2012 Creagan sought and obtained protection under the Chapter 7 of Bankruptcy Code. Creagan's personal liability for the debt was discharged, and the bankruptcy was closed at the end of 2013. According to Defendant Nationstar, Creagan sought and obtained approval to sell the home. He did not do so.

He has not made any payments since June 2009. In December, 2016, Nationstar commenced foreclosure proceedings on the deed of trust. In January, 2017, Creagan sued for quiet title, claiming that six year limitations period for enforcing the deed of trust accrued when he received the Notice of Intent to Accelerate, and that that period has now expired. He asks the Court to determine that he owns the home free and clear.

Nationstar and Creagan now seek summary judgment. The Motions are opposite sides of the same coin. Creagan claims the debt was accelerated as a matter of law in July 2009, and Nationstar claims the Notice did not have the legal effect of accelerating the debt, and the limitations period on its right to foreclose has not run.

A deed of trust is a written installment contract subject to Washington's six-year limitations period. *See* RCW 4.16.040 (2012) (governing deeds of trust). Each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144–45 (1945); *see also* 25 David K.

Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012–13 Supp.) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

The last payment owed commences the final six-year period to enforce a deed of trust securing a loan. This situation occurs when the final payment becomes due, such as when the note matures or a lender unequivocally accelerates the note's maturation. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434–35, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017); *see also Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). It also occurs at the payment owed immediately prior to the discharge of a borrower's personal liability in bankruptcy, because after discharge, a borrower no longer has forthcoming installments that he must pay. *See Edmundson*, 194 Wn. App. at 931; *see also Silvers v. U.S. Bank Nat. Ass'n*, 2015 WL 5024173, at *4.

Acceleration is the lender's prerogative. In Washington, "acceleration does not occur automatically by invoking the power of sale." *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 444, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017). Rather, it "must be made in a clear and unequivocal manner [that] effectively apprises the maker that the holder *has exercised* his right to accelerate the payment date." *Glassmaker v. Ricard*, 23 Wn. App. 35, 38, 593 P.2d 179 (1979) (emphasis added). In *Edmundson v. Bank of America, N.A.*, No. 740116-4-I (Court of Appeals Division I, July 11, 2016) held that it was "well settled" that the discharge of personal liability (the Note) in bankruptcy does not affect the creditor's ability to foreclose on its security (the Deed of Trust).

Nothing in the Deeds of Trust Act supports the conclusion that the lien of a deed of trust on real property is discharged under state law when the note or other secured obligation is no longer enforceable.

Creagan argues that the Notice used the word "will" and concedes that that word connotes "in the future," but the core of his argument is that he did not do the thing the Notice said was required to prevent acceleration: cure the default. He does not acknowledge that the Notice also threatened foreclosure if he did not so cure, but that has not yet occurred, either.

The legal question is whether a Notice of *Intent to* Accelerate (in the future, contingent on debtor's failure to cure) necessarily means that the Note is irrevocably accelerated as a matter of law when the time for cure passes without a cure. Creagan supplies no on-point authority for the proposition that a Notice of Acceleration is a self-executing event. To the contrary, as Nationstar correctly points out, the acceleration must be done in a "clear and unequivocal" manner that apprises the [debtor] that the [creditor] "has exercised"—past tense—the "right to accelerate." *See Glassmaker v. Ricard*, 23 Wn. App. 35, 38 (1979). *See also Erickson v. America's Wholesale Lender,* 2018 Wn. App. LEXIS 811 (Aril 16, 2018) (notice of intent did not accelerate debt; acceleration required affirmative act or refused to accept installment payments) (citing *Rodgers v. Rainier Nat'l Bank.* 111 Wn.2d 232 (1988). Even commencement of the foreclosure process—invoking the power of sale—does not automatically accelerate the debt. *Karen L. Gibbon, P.S , supra*. It would be an odd result if warning an in-default debtor, pre-sale, pre-acceleration, of the consequences of a failure to cure *did* automatically accelerate the debt with no additional affirmative act on the part of the lender

The Notice coupled with the failure to cure do not together add up to an acceleration as a matter of law. Creagan's Motion for Summary Judgment on this point is DENIED, and

Nationstar's Motion is GRANTED. Creagans' Quiet Title and Injunctive Relief claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 28th day of August, 2018.

Ronald B. Leighton
United States District Judge